## PEOPLE v FARMER

Docket No. 65861. Submitted February 15, 1983, at Detroit.—Decided July 20, 1983.

Defendant, Larry Farmer, assaulted an employee of the Marquette Branch State Prison while imprisoned there. The assault occurred on August 7, 1979, and a warrant and complaint were issued August 31, 1979. Defendant moved to quash or dismiss the information on October 11, 1979, and the prosecutor filed a response on November 19, 1979. Defendant's trial date in the Marquette Circuit Court was March 24, 1982, approximately 31 months after the warrant was issued and 28 months after the response to the defense motion. Defendant thereafter pled guilty to assaulting an employee of a place of confinement and was sentenced to one year imprisonment to be served consecutively to the sentence he was serving when the assault occurred. John E. McDonald, J. Defendant appeals. *Held:*

1. The defendant's motion to dismiss did not cause an excusable delay.

2. Defendant was denied his constitutional right to a speedy trial. The factors in defendant's favor are the length of delay, reason for the delay, and prejudice to the defendant from a delayed trial.

3. The reason for 27 months of the delay was insufficient to excuse such delay. The trial court, instead of awaiting a Michigan Supreme Court decision on the validity of the offense charged here, should have ruled on the defendant's motion within a reasonable time and, if error occurred, let the appellate process correct it.

4. The claims regarding violation of the 180-day rule and the

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21A Am Jur 2d, Criminal Law §§ 654-662, 857, 858.
   Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[6] 21A Am Jur 2d, Criminal Law § 867.
[7] 21A Am Jur 2d, Criminal Law § 873.
[8, 10] 21A Am Jur 2d, Criminal Law §§ 866, 867.
[9] 21 Am Jur 2d, Criminal Law § 339.

right to a speedy trial were not waived by the defendant's inaction or by his guilty plea.

Conviction vacated and the case remanded for dismissal of the complaint.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The 180-day rule of the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence is an effort by the Legislature to secure to state prison inmates their constitutional right to a speedy trial (US Const, Am VI; Const 1963, art 1, § 20; MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The 180-day rule of the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence applies to delays caused by either the prosecution or the trial court (MCL 780.131; MSA 28.969[1]).

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

A trial judge cannot, by inaction, defeat the purposes of the 180-day rule of the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence; good faith action must be taken to bring a defendant to trial within the 180-day period and if good faith efforts are made the defendant cannot defeat the jurisdiction of the court by delaying his trial (MCL 780.131; MSA 28.969[1]).

4. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The burden is on the state to see that state prison inmates are brought to trial on outstanding warrants in good faith within 180 days; such rule applies equally to crimes committed in prison (MCL 780.131; MSA 28.969[1]).

5. CRIMINAL LAW — SPEEDY TRIAL.

The factors to be balanced in determining whether or not a defendant has been denied the right to a speedy trial are: length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant (US Const, Am VI; Const 1963, art 1, § 20).

6. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL —
   WAIVER.

   Although failure to assert the right of speedy trial does not lead
   to an automatic waiver, it is one factor to consider in determin-
   ing whether a defendant was denied this right.

7. CRIMINAL LAW — DELAY — PREJUDICE — PRESUMPTIONS OF PREJU-
   DICE.

   After a delay of 18 months in bringing a criminal defendant to
   trial, prejudice is presumed; such presumption is conclusive
   unless the prosecutor shows that the defendant was not preju-
   diced.

8. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL — COM-
   MENCEMENT OF PROCEEDINGS — 180-DAY RULE — INMATES —
   WAIVER.

   A defendant's claims regarding violation of the right to a speedy
   trial and violation of the 180-day rule of the statute which
   controls the time for commencing a criminal prosecution
   against a person serving a prison sentence are jurisdictional
   claims and are not waived by the defendant's inaction or by his
   plea of guilty (US Const, Am VI; Const 1963, art 1, § 20; MCL
   780.131; MSA 28.969[1]).

9. CRIMINAL LAW — JURISDICTION OF COURTS — WAIVER — GUILTY
   PLEAS.

   Jurisdictional claims are not waived by a plea of guilty.

10. CRIMINAL LAW — FUNDAMENTAL CONSTITUTIONAL RIGHTS —
    WAIVER — SILENT RECORDS.

    The waiver of a fundamental constitutional right cannot be
    presumed from a silent record.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Gail Rodwan),* for defendant on appeal.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and GRIBBS, JJ.

GRIBBS, J. The defendant, Larry Farmer, pled guilty to assaulting an employee of a place of confinement, MCL 750.197c; MSA 28.394(3). He was sentenced to one year imprisonment, to be served consecutively to the sentence he was serving when the assault occurred. The defendant now appeals, raising four issues for consideration. We vacate the conviction and remand for dismissal of the complaint.

The assault occurred on August 7, 1979, and a warrant and complaint were issued August 31, 1979. At the time, the defendant was in the custody of the Department of Corrections as a prisoner at the Marquette Branch State Prison. The defendant moved to quash or dismiss the information on October 11, 1979, and the prosecutor filed a response on November 19, 1979. The trial date was March 24, 1982, approximately 31 months after the warrant was issued and 28 months after the response to the defense motion.

In his first two issues, the defendant argues that the delay in bringing him to trial violated the 180-day rule, MCL 780.131; MSA 28.979(1), and his right to a speedy trial, US Const, Am VI; Const 1963, art 1, § 20. The prosecutor argues that this delay was excusable because the trial judge was awaiting a Michigan Supreme Court decision on the validity of the offense charged here.[1]

---

[1] The trial judge, in another case, had ruled that the offense of assaulting a prison employee required proof that the defendant was attempting an escape when the assault occurred. The Court of Appeals rejected this interpretation in an opinion decided November 21, 1980. See *People v Boyd,* 102 Mich App 112; 300 NW2d 760 (1980). The Supreme Court denied leave to appeal on February 3, 1982. *People v Boyd,* 412 Mich 927; 315 NW2d 133 (1982). In the present case, the defendant moved to dismiss the complaint because of the trial court's ruling in the *Boyd* case. Instead of ruling on the defendant's motion, though, the court deferred deciding the issue.

A

### THE 180-DAY RULE

The United States Supreme Court in *Barker v Wingo,* 407 US 514, 523; 92 S Ct 2182, 2188; 33 L Ed 2d 101, 113 (1972), ruled that there is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months", but the states "are free to prescribe a reasonable period consistent with constitutional standards". The Michigan Legislature prescribed such a period to preserve speedy trial rights by enacting the 180-day rule. *People v Hill,* 402 Mich 272, 280; 262 NW2d 641 (1978). The statute states:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, *such inmate shall be brought to trial within 180 days* after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail." MCL 780.131; MSA 28.969(1). (Emphasis added.)[2]

---

[2] The Michigan statute actually predates the *Barker* decision. See 1929 CL 17252 and 1957 PA 177, § 1.

The 180-day rule does not apply solely to delays caused by the prosecutor's office, but also applies to delays caused by the courts. *People v Schinzel (On Remand),* 97 Mich App 508; 296 NW2d 85 (1980), *lv den* 411 Mich 982 (1981) (docket delay). A trial judge cannot, by inaction, defeat the purposes of the 180-day statute. *People v Forrest,* 72 Mich App 266, 273; 249 NW2d 384 (1976); *People v Holbrook,* 60 Mich App 628, 635; 231 NW2d 469 (1975), *app dis* 399 Mich 873 (1977). Good faith action must be taken to bring a defendant to trial within the 180-day period. *People v Hills, supra,* p 281. If good faith efforts are made to bring the defendant to trial, the defendant cannot defeat the jurisdiction of the court by delaying his trial. *People v Forrest, supra,* p 273.

The prosecutor argues that the defendant's motion to dismiss caused an excusable delay. We disagree. There is no indication that the defendant anticipated an extraordinary delay when his pretrial motion was made. No other defense conduct appears on the record which would excuse noncompliance with the 180-day rule. Although the defendant did nothing to expedite his trial date, the burden to bring a case to trial is on the state. *People v Hills, supra,* p 281.

The proper procedure in this case would have been for the trial court to rule on the defendant's motion within a reasonable time and, if error occurred, to let the appellate process correct it. A certain amount of uncertainty is frequently found in our system of justice; this is necessarily so when statutes have not been reviewed by appellate courts. It only perpetuates injustice, however, when a defendant's right to trial is held in abeyance while the appellate courts attempt to iron out problems in statutory interpretation.

It is not unusual for the criminal appellate process to take years. This delay is enough of a hardship on the direct participants in the case; that hardship should not be extended—coupled with the denial of a fundamental right—to other persons caught in the criminal justice system. We understand the feelings of trial judges who desire to await a final ruling on an issue by the Supreme Court before deciding the same issue at the trial level, but in the meantime a defendant's liberty hangs in balance as the wheels of appellate justice move slowly. The legislative purpose for the rule is thwarted while the defendant's rights are violated.[3]

## B

### The Constitutional Speedy Trial Claim

Although the 180-day rule is a legislative embodiment of speedy trial policy, consideration of a constitutional challenge to a delayed trial requires an analysis separate from the 180-day rule issue. In the constitutional analysis,[4] four factors have been identified by the United States Supreme Court: length of delay, reason for the delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant from a delayed trial. *Barker v Wingo,* 407 US 530. These *Barker* factors also provide the standard under the state constitution.[5] *People v Hill,* 402 Mich 283. Applying these factors, we conclude that the defendant

[3] It is no justification that the defendant's liberty had already been deprived because he was already imprisoned. The 180-day rule applies equally to crimes committed in prison. *People v Woodruff,* 414 Mich 130; 323 NW2d 923 (1982).

[4] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." US Const, Am VI.

[5] "In every criminal prosecution, the accused shall have the right to a speedy and public trial * * *." Const 1963, art 1, § 20.

was denied his constitutional right to a speedy trial as guaranteed by the Michigan and federal constitutions.

The length of delay in this case was 31 months from the issuance of the warrant to the date the defendant was brought to stand trial. To put it in another perspective, the assault charge hung—unresolved—over the defendant for more than 2-1/2 years.[6] Trial began 16 months after the Court of Appeals reversed the trial judge on his interpretation of the statute.

As discussed earlier, we feel the reason for the delay does not justify the delay involved here. Because a suitable alternative was available which would fully preserve the defendant's rights (that is, a decision on the motion and a possible resultant appeal), we conclude that the reason for 27 months of the delay is insufficient.

The defendant did not assert his right to a speedy trial, the third factor in *Barker*, until January, 1982.[7] This, however, does not conclusively preclude a speedy trial claim; it is only one factor to be balanced.[8] *People v Bennett*, 84 Mich App 408, 411; 269 NW2d 618 (1978). The burden remains on the state to bring a defendant to trial:

"A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. Moreover * * * society has a particular interest in bringing swift

[6] See *People v Bennett*, 84 Mich App 408; 269 NW2d 618 (1978) (32-month delay); *People v Davis*, 123 Mich App 553; 332 NW2d 606 (1983) (31-month delay).

[7] The January 1982 letter to the trial judge is the only specific request noted in the defendant's brief. General references contained in an improper affidavit were stricken.

[8] There is the additional problem of whether a defendant's failure to assert his right to a speedy trial can be construed as a waiver of that right. The waiver issue will be discussed *infra* in section C.

prosecutions, and society's representatives are the ones who should protect that interest." *Barker v Wingo,* 407 US 527. (Footnotes omitted.)

The fourth element is prejudice to the defendant. Prejudice is presumed after an 18-month delay. *People v Grimmett,* 388 Mich 590, 606; 202 NW2d 278 (1972). This presumption is conclusive unless the prosecutor shows that the defendant was not prejudiced. *People v Bennett,* 84 Mich App 411. "Even so, 'an affirmative demonstration of prejudice [is not] necessary to prove a denial of the constitutional right to a speedy trial'." *People v Bennett,* 84 Mich App 411, quoting *Moore v Arizona,* 414 US 25, 26; 94 S Ct 188; 38 L Ed 2d 183 (1973). Additionally, the defendant specifically argues prejudice from the anxiety and concern over whether he would have to serve a consecutive sentence for this assault when his original sentence was drawing to a close.[9]

Balancing these four factors, we conclude the defendant was denied his constitutional right to a speedy trial. The first, second, and fourth factors are strongly in the defendant's favor. The third factor, failure to (timely) assert the right, cannot overcome this balance without becoming a prerequisite to review and reversal instead of being another factor in the equation.

## C

### WAIVER

We must now determine whether the 180-day

---

[9] The *Barker* Court identified three interests which could be prejudiced by denial of a speedy trial: the prevention of oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and limiting possible impairment of the defense's case. 407 US 532. The defendant alleges the second form of prejudice.

rule and speedy trial claims are waived by the defendant's inaction or by his guilty plea. We hold that they are not.

We recognize that this Court is split on the issue of whether the 180-day rule and speedy trial claims are jurisdictional questions waived by a guilty plea. Compare *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), *lv den* 411 Mich 1081 (1981) (waived), with *People v Davis,* 123 Mich App 553; 332 NW2d 606 (1983) (not waived). Without getting into a long discussion, we feel the *Davis* view is the better one. We offer only two additional bases for this conclusion. First, Michigan Supreme Court decisions interpreting the 180-day rule have been couched in terms of "jurisdiction" of the trial court. See *People v Hill,* 402 Mich 279; *People v Hendershot,* 357 Mich 300, 304; 98 NW2d 568 (1959). Jurisdictional claims are not waived by a guilty plea. See *People v Alvin Johnson,* 396 Mich 424, 440-441; 240 NW2d 729 (1976); *People v Parker,* 21 Mich App 399, 405; 175 NW2d 879 (1970). Second, waiver of a fundamental constitutional right cannot be presumed from a silent record. *Johnson v Zerbst,* 304 US 458, 464-465; 58 S Ct 1019; 82 L Ed 1461 (1938). For these reasons, we hold that the defendant's claims were not waived. We vacate the defendant's conviction and remand for dismissal of the complaint.

Because of this disposition, we find it unnecessary to address the defendant's arguments attacking the constitutionality of the statute punishing assaults on prison employees.

Conviction vacated and case remanded.