PEOPLE v HILL

Docket No. 78726. Submitted February 19, 1985, at Detroit.—Decided August 6, 1985.

On May 18, 1981, defendant, Charles J. Hill, was convicted on his pleas of guilty of armed robbery, kidnapping and felony-firearm in the Oakland Circuit Court, Robert B. Webster, J. All three charges arose out of a single criminal transaction. Defendant began serving the sentences ordered thereon on June 11, 1981, and he remains in the custody of the Department of Corrections. On October 21, 1981, defendant filed a motion to set aside the guilty pleas. Following a hearing, the trial court, by opinion dated January 14, 1982, and order entered January 29, 1982, vacated the armed robbery conviction and sentence and granted defendant a new trial on that charge. Defendant's motion was denied as to the kidnapping and felony-firearm convictions. The prosecutor's motion for rehearing was denied by order entered March 5, 1982. On March 17, 1982, the trial court entered a supplemental order setting aside the armed robbery conviction and making the denial of defendant's motion to set aside the kidnapping and felony-firearm convictions a final order. Defendant filed a claim of appeal from that order on the same day and the Court of Appeals affirmed in an unpublished per curiam opinion decided February 1, 1983. The Court of Appeals remittitur of record was entered March 2, 1983. Defendant then submitted a letter request to the Michigan Supreme Court to determine whether leave to appeal or other relief should be granted. The Supreme Court denied relief

R<small>EFERENCES FOR</small> P<small>OINTS IN</small> H<small>EADNOTES</small>

[1-3, 5] Am Jur 2d, Criminal Law §§ 652 *et seq.,* 849 *et seq.*

Effect of Speedy Trial Act Provision (18 USCS § 316(c)(2)) that unless defendant consents in writing to contrary, trial may not commence less than thirty days from date on which defendant first appears through counsel or expressly waives counsel or elects to proceed pro se. 71 ALR Fed 415.

Excludable periods of delay under Speedy Trial Act (18 USCS § 3161(h)). 46 ALR Fed 358.

[4] Am Jur 2d, Criminal Law §§ 808-811.

See the annotations in the ALR3d/4th Quick Index under the topic Poor and Poor Laws § 3.

by order entered September 16, 1983. The record was returned and received by the trial court on September 20, 1983. In the meantime, while the claim of appeal was pending in the Court of Appeals, defendant filed a motion to dismiss the armed robbery charge based on the 180-day statute. The trial court, David F. Breck, J., denied the motion following a hearing. On December 22, 1983, defendant filed a second motion to dismiss based on the 180-day statute. That motion was denied following a hearing by order entered February 15, 1984. A pretrial was held and trial was set for March 19, 1984, however, because of an assistant prosecutor's illness, trial was not held until April 27, 1984. Defendant's renewed motion to dismiss based on the 180-day statute was denied. The parties submitted a stipulation of facts upon which the trial court, David F. Breck, J., convicted defendant of armed robbery. Defendant appeals. *Held:*

1. The 180-day period commenced on January 29, 1982, the date of the trial court's order setting aside the armed robbery conviction and granting a new trial on that charge. The 180-day period was tolled from the date of the filing of the claim of appeal on the kidnapping and felony-firearm convictions, March 17, 1982, until the record was returned by the Supreme Court to the trial court on September 20, 1983.

2. The 180-day statute did not require the prosecutor to proceed to trial on the armed robbery charge and risk being precluded under the Double Jeopardy Clause from retrying defendant on the kidnapping and/or felony-firearm offenses had those convictions been reversed on appeal.

3. The case is remanded to the trial court to determine what good-faith efforts to bring the case to trial were made by the prosecutor prior to April 27, 1984. Defendant's armed robbery conviction and sentence shall be affirmed if the trial court finds compliance with the 180-day statute and the armed robbery conviction shall be vacated and the charge dismissed if the prosecutor failed to make such good-faith efforts.

Remanded.

SHEPHERD, J., concurred with the conclusion that the 180-day period was tolled while defendant sought relief from the trial court's denial of his motion to set aside the convictions for kidnapping and felony-firearm. However, he would reach the result for reasons other than the possible bar posed by the same transaction test for double jeopardy. After noting that a severance of the charges was possible and that the delay resulted from defendant's appeal, he stated that the prosecutor did not act in less than good faith when he declined to squander judicial resources by proceeding with the separate armed

robbery trial pending the defendant's appeal of the kidnapping and felony-firearm convictions.

OPINION OF THE COURT

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants begins with the coincidence of either of following conditions 1 or 2 and condition 3: (1) the issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison; or (2) the incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and (3) the prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

There is no requirement that a trial of an outstanding warrant against a defendant who is a state prison inmate be concluded within 180 days but rather that the prosecution take good faith action within that time to ready the case for trial; if such good-faith efforts are made, the defendant cannot defeat the court's jurisdiction by delaying his trial; a violation of the 180-day statute requires dismissal of the charge with prejudice (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants is tolled in regard to a charge following the issuance of an order setting aside a conviction on that charge and granting a new trial thereon where an appeal is pending in regard to the inmate's convictions of the other charges arising out of the same criminal transaction; the 180-day period is tolled from the date of the filing of the claim of appeal regarding the latter convictions; the 180-day statute does not require the prosecutor to risk being precluded under the Double Jeopardy Clause from retrying the inmate on the latter offenses should they be reversed on appeal (MCL 780.131; MSA 28.969[1]).

4. Criminal Law — Appeal — Indigent Incarcerated Defendants.

An indigent incarcerated defendant in a criminal case may submit to the Supreme Court, in accordance with the Administrative Order pertaining thereto, a letter requesting that a Court of Appeals decision, the Court of Appeals record and the trial court record be considered by the Supreme Court to determine whether leave to appeal or other relief deemed appropriate by the Supreme Court should be granted; the matter may be considered as pending on appeal the same as if the defendant had filed an application for leave to appeal (Administrative Order No. 1977-4, 400 Mich lxvii).

CONCURRENCE BY SHEPHERD, J.

5. Criminal Law — Speedy Trial — Inmates — 180-Day Rule.

*A prosecutor must take good-faith action to ready a case for trial within the 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants; a prosecutor does not act in less than good faith when he declines to squander judicial resources by proceeding with a separate trial on a charge following the issuance of an order setting aside a conviction on that charge and granting a new trial thereon where an appeal is pending in regard to the inmate's convictions on the other charges arising out of the same criminal transaction (MCL 780.131; MSA 28.969[1]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Lawson & Lawson, P.C.* (by *David M. Lawson),* for defendant on appeal.

Before: WAHLS, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. The issue in this case is whether the 180-day rule, MCL 780.131; MSA 28.969(1), required the trial court to dismiss the armed robbery charge against defendant.

* Circuit judge, sitting on the Court of Appeals by assignment.

On May 18, 1981, defendant was convicted on his pleas of guilty of armed robbery, MCL 750.529; MSA 28.797, kidnapping, MCL 750.349; MSA 28.581, and felony-firearm, MCL 750.227b; MSA 28.424(2). All three charges arose out of a single criminal transaction. Defendant was sentenced to concurrent prison terms of from 5 to 15 years on the armed robbery and kidnapping convictions, to be served following the mandatory 2-year term on the felony-firearm conviction. Defendant began serving the sentences on June 11, 1981, and he remains in the custody of the Department of Corrections.

On October 21, 1981, defendant filed a motion to set aside the guilty pleas. Following a hearing, the trial court, by opinion dated January 14, 1982, and order entered January 29, 1982, vacated the armed robbery conviction and sentence and granted defendant a new trial on that charge.[1] Defendant's motion was denied as to the kidnapping and felony-firearm convictions. The prosecutor's motion for rehearing was denied by order entered March 5, 1982. On March 17, 1982, the trial court entered a supplemental order setting aside the armed robbery conviction and making the denial of defendant's motion to set aside the kidnapping and felony-firearm convictions a final order pursuant to GCR 1963, 518.2.

Defendant filed a claim of appeal from the March 17, 1982, order on the same day and a panel of the Court affirmed. (Unpublished per curiam, Docket No. 63053, decided February 1, 1983.) The Court of Appeals remittitur of record was entered March 2, 1983. Although no application for leave to appeal to the Michigan Supreme Court was filed, defendant did submit a letter

---

[1] The trial court found an insufficient factual basis to support the armed robbery plea.

request to the Michigan Supreme Court to determine whether leave to appeal or other relief should be granted.[2] The Supreme Court denied relief by order entered September 16, 1983. The record was returned and received by the trial court on September 20, 1983. In the meantime, while the claim of appeal was pending in the Court of Appeals, defendant filed a motion to dismiss the armed robbery charge on the ground that the trial court had lost jurisdiction pursuant to the 180-day statute. The trial court denied the motion following a hearing.

On December 22, 1983, defendant filed a second motion to dismiss based on the 180-day statute. That motion was denied following a hearing by order entered February 15, 1984. A pretrial was held and trial was set for March 19, 1984; however, that trial date was adjourned because the assistant prosecutor assigned to the case was ill.

The armed robbery charge finally came to trial on April 27, 1984. At that time defendant renewed his motion to dismiss, based on the 180-day statute, and the motion was denied. The parties submitted a stipulation of facts upon which the court convicted defendant of armed robbery as charged. Defendant was sentenced to from 5 to 15 years' imprisonment to run concurrently with the sentence previously imposed for the kidnapping conviction. He appeals as of right. The sole issue on appeal is whether the trial court erred in failing to dismiss the armed robbery charge pursuant to the 180-day rule.

in *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), the Court stated:

"We hold that the statutory period [under MCL

[2] See Administrative Order No. 1977-4, 400 Mich lxvii.

780.131; MSA 28.969(1)] begins with the coincidence of
either conditions 1 or 2 and condition 3:

"1) The issuance of a warrant, indictment or com-
plaint against a person incarcerated in a state prison or
under detention in any local facility awaiting incarcera-
tion in any state prison;

"2) The incarceration of a defendant in a state prison
or the detention of such defendant in a local facility to
await such incarceration when there is an untried
warrant, indictment, information or complaint pending
against such defendant; and

"3) The prosecutor knows or should know that the
defendant is so incarcerated when the warrant, indict-
ment, information or complaint is issued or the Depart-
ment of Corrections knows or should know that a
warrant, indictment, or complaint is pending against
one sentenced to their custody."

A defendant's trial need not be concluded within
180 days; rather the prosecutor must take good-
faith action within that time to ready the case for
trial. *People v Hill, supra,* p 281. If good-faith
efforts are made to bring the defendant to trial,
the defendant cannot defeat the court's jurisdic-
tion by delaying his trial. *People v Farmer,* 127
Mich App 472, 477; 339 NW2d 218 (1983). A viola-
tion of the 180-day statute requires dismissal of
the charge with prejudice. MCL 780.133; MSA
28.969(3).

In the instant case defendant began serving his
sentence on June 11, 1981. The 180-day period
commenced on January 29, 1982, the date of the
trial court's order setting aside the armed robbery
conviction and granting a new trial on that
charge. The untried armed robbery charge was
pending as of that date. On March 17, 1982, how-
ever, defendant filed a claim of appeal from the
final order denying his motion to set aside the
kidnapping and felony-firearm convictions. The
prosecutor argues, and we agree, that the statu-

tory period was tolled during the pendency of the proceedings on appeal. Had the prosecutor proceeded to trial on the armed robbery charge, and had this Court or the Supreme Court ultimately reversed the kidnapping and/or felony-firearm convictions, the prosecutor may have been precluded under the Double Jeopardy Clause from retrying defendant on the latter offenses. See *People v White*, 390 Mich 245; 212 NW2d 222 (1973). We need not decide whether retrial would, in fact, have been barred under these circumstances. We hold only that the 180-day statute did not require the prosecutor to risk such a judicial determination by proceeding to trial on the armed robbery charge while the remaining charges arising out of the same transaction were pending on appeal. We therefore conclude that the 180-day period was tolled from the date of the filing of the claim of appeal, March 17, 1982, until the record was returned by the Supreme Court to the trial court on September 20, 1983.[3]

The armed robbery charge came to trial on April 27, 1984. The record does not sufficiently indicate what good-faith efforts to bring the case to trial were made by the prosecutor prior to that time. We therefore remand the case to the trial court to determine whether the prosecutor made good-faith efforts to ready the case for trial within the 180-day period which commenced on January 29, 1982, was tolled from March 17, 1982, and recommenced on September 20, 1983. In the event that the trial court finds compliance with the 180-day statute, defendant's armed robbery conviction and sentence shall be affirmed. If the trial court determines that the prosecutor failed to make

---

[3] Pursuant to defendant's letter request in the Supreme Court, the matter remained pending on appeal the same as if defendant had filed an application for leave to appeal.

good-faith efforts to ready the case for trial within the requisite period, the armed robbery conviction shall be vacated and the charge dismissed.

Remanded. We do not retain jurisdiction.

SHEPHERD, J. *(concurring)*. I agree with the majority's conclusion that the 180-day period, MCL 780.131; MSA 28.969(1), was tolled while defendant sought relief from the trial court's denial of his motion to set aside the convictions for kidnapping and felony-firearm. However, I would reach the result for reasons other than the possible bar posed by "the same transaction test" for double jeopardy. *People v White,* 390 Mich 245, 258; 212 NW2d 222 (1973).

The prosecutor must take good-faith action within the 180-day period to ready the case for trial. *People v Hill,* 402 Mich 272, 281; 262 NW2d 641 (1978); *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959). In this case, if the prosecutor had proceeded with the armed robbery charge, the result would have been a severance of the charges, with an eventual second trial on the other two charges had they been reversed on appeal. I do not believe that the prosecutor was required to proceed to trial in these circumstances, since the delay resulted from defendant's appeal. "[T]he defendant cannot defeat the jurisdiction of the court by delaying his trial." *People v Farmer,* 127 Mich App 472, 477; 339 NW2d 218 (1983). A prosecutor does not act in less than good faith when he declines to squander judicial resources by proceeding with separate trials pending a defendant's appeal.

Therefore, I would not address the possible application of the same-transaction test as a bar to a subsequent trial on the kidnapping and felony-firearm charges.