*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHAWN ALEX VERT,

        Defendant-Appellant.

UNPUBLISHED
August 24, 2023

No. 360771
Chippewa Circuit Court
LC No. 20-005185-FC

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant sexually assaulted the victim in the back of a vehicle, and he was convicted of first-degree criminal sexual conduct. We affirm.

## I. BACKGROUND

The victim fell asleep in the back of a friend's vehicle, underneath a blanket that allegedly belonged to defendant, and she woke up to defendant orally and digitally penetrating her vagina. Defendant was bound over on November 3, 2020, and his trial was originally set to begin in March, 2021. The original trial date was postponed, however, and defendant moved to dismiss the charges for a violation of the 180-day rule. The trial court denied defendant's motion because he failed to show that the delay prejudiced him, or that the prosecutor deliberately delayed the trial, since the COVID-19 pandemic had disrupted the trial court's scheduling.

Leading up to the trial, defendant moved to exclude the recordings of some of the phone calls that he made while incarcerated because the recordings were incomplete and unplayable. The technical problems with the recordings were fixed, and the trial court determined that the prosecutor had provided the recordings to defendant as required. Those recordings were introduced at trial, and the jury heard defendant explain to his girlfriend what had happened the night of the sexual assault.

Additionally, the prosecutor moved to exclude a prior statement that the victim had made to the police regarding an allegedly false disclosure that she had previously been sexually assaulted or forcibly given drugs. The record indicates that the trial court held that the victim could be

questioned about her prior statements and that her answers would dictate whether defendant could bring up the alleged false sexual-assault claim. Defendant did not ask the victim, however, about that alleged false sexual-assault claim during the trial.

Defendant's trial commenced on October 27, 2021. Witnesses identified defendant "in a black tie, dressed up" on the first day of trial as well as "a dark blue suit coat" on the second day of trial. On the third and final day of the trial, the trial court instructed the jury as follows:

> The Defendant is not required to prove his innocence or do anything. If you find that the Prosecutor has not proved every element beyond a reasonable doubt, then you must find the Defendant not guilty.
>
> * * *
>
> The lawyer's statements and arguments are also not evidence. They are only meant to help you understand the evidence and each side's legal theories. You should only accept the things the lawyers say that are supported by the evidence or your own common sense and general knowledge.

Defense counsel then made the following statements during closing arguments:

> [Defendant] admits he did it. He cheated. That is what he admits to over and over and over for months of jail calls. So much so that it got boring for the detective to listen to.
>
> And let's be honest. If the context of that call really was he admitted to raping [the victim], they would have brought [defendant's witness] in here to tell you that. [Defendant's witness] would have been the first one to say it.
>
> * * *
>
> If he didn't do it, how did his DNA get down there? Well, those ladies told us.
>
> First, they couldn't give you any DNA inside of her lady parts. And I even asked for clarification. Everything was on the outside. Nothing inside the vaginal walls, the vaginal lips, whatever you want to call them.
>
> * * *
>
> The other thing that was troubling is they can't even tell you if it's skin cells, sperm, or saliva cells that's on the outside of her lady bits. But when I asked if someone had been on a blanket, could DNA transfer? Oh, yeah. Sitting on furniture? Oh, yeah. She was in [defendant]'s garage sitting on a chair. She cracked open a beer after she's allegedly raped and drank it. All the while I guess her lady bits are hanging out.

-2-

So when the Prosecutor keeps saying to you, "If he didn't do it, how did his DNA get down there," I just gave you how many different examples of how. I've just given you that much more reasonable doubt.

In rebuttal, the prosecutor replied, "The other part of this . . . is that . . . it should have been [defendant]'s witness. Defense should have called [defendant's witness] in here for you guys." Defense counsel objected, and the prosecutor rephrased.

[Defendant's witness] is . . . the mother of [defendant]'s . . . child. Sorry. She did not want to turn over that baby monitor. Do you think she's going to come in here and say, "Yeah, [defendant] did it?" "I saw on the video that [defendant] went into the backseat of that truck." Or in the alternative, if there was exonerating evidence, she would be in here talking about it.

Defense counsel again objected, and the prosecutor moved on after the trial court stated it would give a curative instruction. The trial court reminded the jury that the burden is on the prosecutor and not on defendant. The prosecutor then concluded:

Kind of talked to you about this . . . in my original closing arguments. The DNA on the blanket fails. You have not heard any testimony to the fact that this was [defendant]'s blanket or that it was in an area that was around her labia majora. That's not evidence that you've heard. Right?

After closing arguments were finished, defendant moved for a mistrial on the basis that the prosecutor committed multiple acts of prosecutorial misconduct. The trial court denied defendant's motion, stating that the alleged errors had been cured by the trial court's instruction to the jury. The jury deliberated for two-hours before finding defendant guilty of first-degree criminal sexual conduct.

After the trial concluded, defendant moved to disqualify the trial court judge from the case under MCR 2.003(C)(1)(a) and (b) because defendant alleged that the trial court judge actively participated in firing the chief public defender in their jurisdiction, participated in getting defendant's counsel fired from the public defenders' office, discussed the case ex-parte with the prosecutor's office, and was admonished by this Court for his interactions with defendant's trial counsel. Defendant also stated that there were several other cases in which defense counsel had moved for the recusal of the trial court judge on the basis of similar arguments. The trial court denied defendant's motion because defendant failed to demonstrate "a serious risk of actual bias."

Defendant now appeals.

II. ANALYSIS

A. CLOSING ARGUMENTS

First, defendant argues that the prosecutor improperly shifted the burden of proof to defendant during her closing arguments because she highlighted defendant's failure to call a certain witness or bring any DNA evidence to corroborate his argument.

-3-

"In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Although defendant's trial counsel objected to the prosecutor's closing remarks about defendant's failure to call a particular witness, defense counsel failed to object to the remarks made about certain DNA evidence. "Generally, a claim of prosecutorial misconduct is a constitutional issue reviewed de novo." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). Unpreserved claims of misconduct, however, are reviewed "for outcome-determinative, plain error." *People v Seals*, 285 Mich App 1, 21-22; 776 NW2d 314 (2009).

"A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). A prosecutor is entitled, however, to respond to issues raised by the defendant. *People v Jones*, 468 Mich 345, 352-353 n 6; 662 NW2d 375 (2003). Therefore, unless the prosecutor's comments burden the defendant's right not to testify, or shift the burden of proof on an element of the offense to the defendant, the comments are not improper. *People v Fields*, 450 Mich 94, 112-113; 538 NW2d 356 (1995). Furthermore, "[n]o error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction." *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000). "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *Abraham*, 256 Mich App at 279.

During closing arguments defendant stated that if a particular witness was going to testify about defendant's guilt, then the prosecutor would have called that witness. Further, there was no evidence relating to how the DNA, or what kind of DNA, was found on the victim, including whether it was transferred from a blanket. The prosecutor responded that if the particular witness was going to provide exonerating evidence then defendant would have called her, and there was no information submitted into evidence about the blanket.

Defendant first raised the issues of the potential witness and the DNA potentially being transferred from the blanket in his closing argument. The prosecutor was entitled to respond to those issues. *Jones*, 468 Mich at 352-353 n 6. Nevertheless, this alleged misconduct does not require reversal because the trial court cured any potential prejudice by providing a timely curative instruction to the jury regarding the burden of proof as well as not accepting arguments as evidence. *Schutte*, 240 Mich App at 721. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *Abraham*, 256 Mich App at 279. Therefore, defendant's argument is without merit.

B. SPEEDY TRIAL

In his Standard 4 brief,[1] defendant argues that his constitutional right to a speedy trial was violated, and the trial court erred when it denied his motion to dismiss. We review for an abuse of discretion a circuit court's decision on a motion to dismiss. *People v Herndon*, 246 Mich App 371, 389, 633 NW2d 376 (2001). We review de novo questions of law, including statutory interpretation, *People v Lown*, 488 Mich 242, 254, 794 NW2d 9 (2011), and constitutional issues, *People v Cain*, 238 Mich App 95, 111; 605 NW2d 28 (1999). The trial court's attributions of delay are reviewed for clear error. *People v Crawford*, 232 Mich App 608, 612, 591 NW2d 669 (1998).

This Court analyzes (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to defendant, when determining whether defendant's constitutional right to a speedy trial has been violated. *Barker v Wingo*, 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972). "The length of delay is not determinative of a speedy trial claim," but a delay of 18 months or more is presumed prejudicial and a delay under 18 months requires a defendant to show that he suffered prejudice. *Cain*, 238 Mich App at 112.

Defendant argues that because more than 180 days had passed between his bindover and his trial, his constitutional right to a speedy-trial was violated. Defendant's argument misunderstands the law, however, as the right to a speedy trial is a constitutional right, US Const, Am VI; Const 1963, art 1, § 20, and the 180-day rule is a statutory right established under Michigan law, MCL 780.131(1). See *People v Witkoski*, 341 Mich App 54, 60; 988 NW2d 790 (2022). A violation of the 180-day rule does not necessarily violate a defendant's right to a speedy trial. See *People v Farmer*, 127 Mich App 472, 478; 339 NW2d 218 (1983).

It is clear from defendant's Standard 4 brief that he is making a constitutional claim and not a statutory one. The time between defendant's bindover and his trial was less than 18 months, and, thus, the delay is not presumed to be prejudicial. Defendant argues that the delay of his trial, after the stay on trials was lifted by our Supreme Court, was a violation of his constitutional right to a speedy trial because there is no constitutional exception for delays based on "emergency or crisis." Defendant bears the burden of showing that the delay was prejudicial to his defense because the delay was less than 18 months. Defendant has failed to articulate, however, that any potential prejudice from the delay was "actual and substantial" to the extent that it meaningfully impaired his ability to defend against the charges. *Cain*, 238 Mich App at 110.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues in his Standard 4 brief that his trial counsel failed to call favorable witnesses, failed to submit evidence that the victim had previously submitted a false police report about sexual assault, failed to object to the prosecutor's subpoena, failed to object to the prosecutor's failure to prove each element of the crime, and failed to object to defendant appearing

---

[1] See Administrative Order No. 2004-6, 471 Mich c, cii (2004) ("When a defendant insists that a particular claim or claims be raised on appeal against the advice of counsel, counsel shall inform the defendant of the right to present the claim or claims in properia persona.")

in the courtroom in jail attire. Additionally, defendant argues that certain phone calls that he made while incarcerated should not have been admitted at trial.

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). To preserve the issue of effective assistance of counsel for appellate review, a defendant must move for an evidentiary hearing. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Because defendant did not move for a new trial or request an evidentiary hearing, this issue is unpreserved and review is limited to errors apparent from the record. *Id*.

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667. "To the extent [defendant's] claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (cleaned up).

"Counsel always retains the duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 138 (2012) (cleaned up). "A sound defense strategy cannot follow an incomplete investigation of the case when the decision to forgo further investigation was not supported by reasonable professional judgment." *Id*. at 55. Decisions regarding what evidence to present and whether to call witnesses are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant argues that his trial counsel was ineffective for failing to call a "911 caller" as a witness at trial and that he was prejudiced by the prosecutor's decision to dismiss a different witness. Defendant did not substantiate, however, how the "911 caller" would have been favorable to his defense or how the prosecutor's witness would have affected the outcome of his proceedings.

Defendant next argues that his trial counsel should have questioned the victim regarding her alleged prior false allegation of sexual assault. Defendant's trial counsel did oppose the prosecutor's motion in limine to exclude the evidence concerning the victim's alleged false accusation, and the trial court agreed with defendant's trial counsel. Even though defendant's trial

counsel did not question the victim during the trial about her prior allegations, it was unclear from the record whether the victim did in fact make a false accusation. The burden is on defendant to substantiate the record to support his claim. See *Hoag*, 460 Mich at 6. Defendant has not demonstrated that questioning the victim about her prior allegations would have been beneficial to his defense given that it is unclear whether the victim's prior allegations were false. Without substantiating this record, defendant has not demonstrated that his trial counsel's performance was deficient.

Defendant next argues that his trial counsel was ineffective when he did not challenge the admission of the recordings of defendant's phone calls while he was incarcerated. Further, defendant argues that those recordings defamed his character. Defendant ignores, however, that his trial counsel did contest the introduction of those recordings in a motion in limine before the trial, and that the trial court found that the recordings were generally admissible. Further, these recordings captured defendant admitting to another person that he committed the offense, which is relevant evidence under MRE 402. Defendant has not substantiated that these recordings were inadmissible, and his trial counsel is not ineffective for failing to make a futile objection. See *People v Wollfolk*, 304 Mich App 450, 457; 848 NW2d 169 (2014).

Defendant next argues that he went to trial in jail attire, which violated his due-process rights. Defendant ignores, however, that witnesses identified him "in a black tie, dressed up" on the first day of trial, and in "a dark blue suit coat" on the second day of trial. Defendant fails to provide any support in the record with respect to prison attire, and his argument is without merit.

## D. JUDICIAL BIAS

Lastly, defendant argues that the trial judge was biased against defendant and his defense counsel during the case, and the trial judge should be disqualified from a remand involving this case.

This Court "review[s] a trial court's factual findings regarding a motion for disqualification for an abuse of discretion and its application of the facts to the law de novo. An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *In re MKK*, 286 Mich App 546, 564; 781 NW2d 132 (2009) (cleaned up). Due process requires that a party is entitled to an unbiased and impartial decision maker. *Cain v Dept of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). It is presumed that the trial court was impartial, and a party has a "heavy" burden to show otherwise. *Id*.

Defendant moved to disqualify the trial judge under MCR 2.003(C)(1)(a) and (b), which state in relevant part:

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated

in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

Defense counsel made several arguments regarding the trial judge's alleged extrajudicial involvement in defense counsel's career. The record does not demonstrate, however, that the trial judge was actually involved in defense counsel's discharge from the public defenders' office, nor does the record demonstrate that the trial judge had ex-parte communications with the prosecutor in this case involving defendant. Given the record presented to this Court, the trial court's decision not to disqualify was not outside the range of principled and reasonable outcomes.

## III. CONCLUSION

Defendant has not demonstrated that his constitutional rights were infringed, that his counsel was ineffective, or that the trial court was biased against him. We conclude that his convictions stand.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle