PEOPLE *v.* HENDERSHOT.

1. CRIMINAL LAW—CONSTRUCTION OF STATUTES—DISPOSITION OF UN-
    TRIED CHARGES.
    The meaning of the term "brought to trial," as used in act
    relative to disposition of untried charges filed against prisoners,
    is to be gathered from the entire act (PA 1957, No 177, § 1).

2. SAME—TRIAL OF UNTRIED CHARGES—JURISDICTION.
    The circuit court had not lost jurisdiction in 1958 to try defend-
    ant on 1951 charge of having unlawfully carried concealed
    weapons, where department of corrections delivered a notice to
    the prosecuting attorney and apparent good-faith action on his
    part met condition of statute as to bringing case on for trial
    within statutory period of 180 days from receipt of notice by
    being ready for trial within such time, hence, trial thereafter
    was not barred by reason of expiration of such 180-day period
    due to defendant's delaying motions, since the action had been
    timely commenced and proceeded with promptly (PA 1957, No
    177, §§ 1, 3).

3. SAME—SERVICE OF WARRANT—DETAINER FILED WITH PRISON AU-
    THORITIES—STATUTE OF LIMITATIONS.
    The service of a warrant by the filing of a detainer against
    defendant with the prison authorities where he was incarcerated
    served to toll the statute of limitations (CLS 1956, § 767.24).

Kenneth Hendershot, after conviction of man-
slaughter, now charged with carrying concealed
weapon, brings habeas corpus claiming late prosecu-
tion and resulting loss of jurisdiction under stat-
utes.    Submitted June 2, 1959.    (Calendar No.
48,157.)   Writ dismissed October 12, 1959.

REFERENCES FOR POINTS IN HEADNOTES
[2] 14 Am Jur, Criminal Law § 214 *et seq.*; 15 Am Jur, Criminal
Law § 347 *et seq.*

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *James S. Bicknell, III,* Clare County Prosecuting Attorney, for the people.

*Linsey, Shivel, Phelps & Vander Wal (Robert B. Linsey* and *Dale M. Strain,* of counsel), for defendant.

DETHMERS, C. J.  In January, 1951, defendant was convicted of manslaughter and sentenced to be imprisoned from 14 years 11 months to 15 years.  On April 16, 1951, on complaint filed, a warrant issued charging him with unlawfully having carried a concealed weapon and a detainer was filed against him with prison authorities.

On June 14, 1958, the department of corrections caused a notice to be delivered to the prosecuting attorney, pursuant to PA 1957, No 177 (CL 1948, § 780.131 *et seq.* [Stat Ann 1957 Cum Supp § 28.969 (1) *et seq.*]), requesting that action be taken toward final disposition of the untried concealed weapons charge.

On October 23, 1958, the prosecuting attorney, by means of a writ of habeas corpus, caused defendant to be returned from prison to the county jail.  On that date defendant was arraigned before the justice of the peace on the concealed weapons charge.  On demand of the prosecuting attorney a preliminary examination was held on October 27, 1958, and defendant was bound over to circuit court.  On October 29, 1958, the prosecuting attorney filed a petition in the circuit court for examination into the defendant's sanity.  The court ordered that examination on November 3d and set the hearing for December 3, 1958.  On the basis of medical reports, the court, on the latter date, granted the prosecuting attorney's motion to dismiss the sanity proceedings.  On that

same date defendant moved that the cause be remanded to the justice of the peace for further examination or, in the alternative, that the cause be dismissed for lack of showing of probable cause at the previous examination. The court took these motions under advisement, awaiting briefs from counsel. On December 5th defendant's brief and on December 11th the people's brief were submitted. On December 18, 1958, defendant filed his petition for habeas corpus in this Court, contending that the circuit court had lost jurisdiction of the case and that further action on the charge was barred under the mentioned statute. We permitted the writ of habeas corpus and ancillary writ of certiorari to issue.

Section 1 of the act provides, in part:

"Whenever the department of corrections shall receive notice that there is pending in this State any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this State a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint."

Section 3 provides:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this State shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Defendant says that the 180-day period specified in the statute expired on December 12, 1958, that the defendant had not yet been "brought to trial" as in section 1 provided, that, therefore, the trial court lost jurisdiction and defendant is entitled to dismissal of the complaint and warrant with prejudice, as provided in section 3. The people point to the language of section 3, requiring such dismissal only if "action is not commenced on the matter" within the period limited in section 1. The people say that such action was commenced on October 23d, that further action was taken on October 27th, October 29th, November 3d and December 3d, well within the 180-day period, all as above outlined, that the people stood ready for trial on the latter date, and that defendant's 2 motions, filed on that date, were responsible for the fact that actual trial did not occur on or before December 12, 1958, when the 180 days ran out.

It is to be noted that, while section 1 directs that the inmate "shall be brought to trial" within 180 days, the statute does not deprive the court of jurisdiction and require dismissal unless "action is not commenced on the matter" within that period.

The language of section 1 is not that the inmate shall be "tried" or that his "trial shall commence" within 180 days, but, instead, that he "shall be brought to trial" within that time. The legislative intent and meaning in its use of the term "brought to trial" is to be gathered from the entire act. Section 3's provision for action to be commenced on the matter within the mentioned time throws strong light on the question. Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court

that good-faith action was not commenced as contemplated by section 3, thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met. When the people have moved the case to the point of readiness for trial and stand ready for trial within the 180-day period, defendant's delaying motions, carrying the matter beyond that period before the trial can occur, may not be said to have brought the statute into operation, barring trial thereafter.

Defendant says the statute of limitations (CLS 1956, § 767.24 [Stat Ann 1954 Rev § 28.964]) has run because the warrant, when issued, was not placed in the hands of an officer for service, so as to toll the running of the statute. The record contains no support for the factual assertion. It does disclose that upon issue of the warrant a detainer was filed against the defendant with prison authorities. That is the extent of what an officer properly could have done about serving the warrant at the time. This served to toll the statute.

Writ of habeas corpus dismissed.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.