# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

MAURICE DANTE HENDERSON,

      Defendant-Appellee.

UNPUBLISHED
June 2, 2015

No. 315983
Muskegon Circuit Court
LC No. 12-062643-FH

## ON REMAND

Before: SHAPIRO, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

The prosecution appeals by right from the trial court order granting defendant's motion to dismiss the criminal charges against him on the basis of the "180-day rule." MCL 780.131-780.133. The trial court found two violations of the rule. When we[1] first heard this case, we affirmed the trial court's finding of the first violation and, accordingly, declined to address its second finding. *People v Henderson*, unpublished opinion per curiam of the Court of Appeals, issued November 6, 2014 (Docket No. 315983), p 5. The prosecution applied for leave to appeal to our Supreme Court, which reversed our affirmance and remanded the case for us to consider the trial court's finding of a second violation of the 180-day rule. *People v Henderson*, ___ Mich ___; 861 NW2d 50 (2015). On remand, we conclude that the trial court erred in finding the second violation and, accordingly, reverse and remand for proceedings consistent with this opinion.

## I. FACTS

The underlying facts described in our original opinion have not changed and are quoted below in relevant part:

---

[1] Judge Riordan has been substituted for Judge Whitbeck, who originally sat on this panel but has since retired.

On March 16, 2012, police officers executed a search warrant at the residence of defendant's mother in Muskegon Heights. While executing the search warrant, an officer found two handguns inside of a duffel bag; the duffel bag was in a room in the basement of the residence that contained many items that belonged to defendant. On March 19, 2012, a police officer interviewed defendant regarding the guns; at that time, defendant was housed at the Ottawa County jail awaiting the disposition of several alleged parole violations. When the police interviewed defendant, he admitted that he knew that the guns were in the basement. Defendant further stated that a friend gave the duffel bag to him and he had kept the bag because "he was afraid that his friend was going to do something stupid with it." In addition, at the time defendant was given the duffel bag by his friend, defendant had been convicted of a felony and was prohibited from possessing a firearm. At some point after March 19, 2012, defendant apparently pled guilty to, or was found guilty of, the parole violations for which he was being held in the Ottawa County jail because he was remanded to the custody of the [Michigan Department of Corrections (DOC)] for parole violations.

On May 3, 2012, the DOC mailed a certified letter addressed to the Muskegon County Prosecutor. The letter references defendant and "possible firearm charges," and states . . . .[2]

* * *

On July 12, 2012, a warrant for defendant's arrest was authorized and a felony warrant was issued for defendant on July 20, 2012, charging defendant with one count of felon in possession of a firearm, MCL 750.224f, and one count of possessing a firearm during the commission of a felony, MCL 750.227b, arising out of the discovery of the handguns in the duffel bag. On July 20, 2012, a felony complaint was filed alleging that defendant committed the charged offenses. Defendant was arraigned in the district court on October 10, 2012, and bond was set. A preliminary examination was held on October 24, 2012, and, at the conclusion of the preliminary examination, defendant was bound over to the circuit court on all of the charges in the felony complaint. A felony information was filed in circuit court on October 26, 2012. On November 16, 2012, the trial court held a pretrial hearing, but in December 2012, the case was reassigned within the trial court due to docket management. The case was set for trial with the new judge on February 26, 2013.

On March 8, 2013, defendant moved to dismiss the case, arguing that the 180-day rule had been violated. A hearing was held on defendant's motion on

---

[2] The Supreme Court reversed our previous finding that this letter was sufficient to trigger the 180-day period under MCL 780.131. *Henderson*, 861 NW2d 50. Thus, the facts regarding this letter have been omitted.

March 18, 2013, at which time the trial court requested supplemental briefing on several issues. On March 28, 2013, the trial court issued an opinion and order granting the motion to dismiss, finding that the prosecution did not comply with the 180-day rule. The trial court agreed with the prosecution that at the time the DOC letter was sent, there were no charges pending against defendant. However, the trial court found that [*People v Lown*, 488 Mich 242; 749 NW2d 9 (2011)], "appears to contemplate that the DOC notice could be valid even if provided prior to the commencement of the criminal litigation. So the court cannot conclude that the DOC's May notice is a nullity." After the trial court found that the May 3, 2012 notice triggered the 180-day rule, it went on to find that "[u]nder this interpretation, the court must grant the motion, since the clock started in May. It must be remembered that the statute itself requires the inmate 'to be brought to trial' within 180 days."

Further, the trial court found that "there is a second analysis which also, in the end, requires granting defendant's motion." The trial court went on to find that even if the DOC letter was disregarded, the 180-day "clock started 'ticking' in July when the complaint was filed;" therefore, the 180-day period provided by MCL 780.131 "would have expired in mid-January." Because the trial was not originally scheduled to start until February 26, 2013, the trial court found that "[t]he only logical conclusion left for the court is that prosecutor [sic] had an intent to not bring the case to trial promptly." [*Henderson*, unpub op at 2-3 (footnote omitted).]

We are tasked with reviewing the court's finding of a second violation.[3]

## II. ANALYSIS

The 180-day rule provides procedures that must be followed when criminal charges are brought against a defendant incarcerated in a state correctional facility. See *Lown*, 488 Mich at 254. An inmate incarcerated by the DOC and who has charges pending against him "shall be brought to trial within 180 days after" the DOC delivers written notice of the inmate's location and status to the prosecuting attorney for the county in which the charges are pending. MCL 780.131(1); *Lown*, 488 Mich at 255. If "action is not commenced on the matter" within 180 days, the trial court loses personal jurisdiction over the defendant and the charges must be dismissed with prejudice. MCL 780.133. The rule does not require that trial commence within 180 days; rather, "it is sufficient that the prosecutor 'proceed promptly' and 'move [] the case to the point of readiness for trial' within the 180-day period." *Lown*, 488 Mich at 246, quoting *People v Hendershot*, 357 Mich 300, 304; 98 NW2d 568 (1959).

The trial court's second basis for finding a violation of the 180-day rule was that, even if the May 3, 2012 DOC letter was disregarded, the 180-day period began to run in July 2012 when

---

[3] Questions of statutory interpretation, such as construing the "meaning and proper application of MCL 780.131 and MCL 780.133" are reviewed de novo. *Lown*, 488 Mich at 254-255.

the prosecution filed the complaint charging defendant with the subject firearm offenses. However, we find no statutory language nor caselaw in support of a principle that the filing of a complaint charging an incarcerated defendant, in and of itself, triggers the running of the 180-day period. The period only begins to run the day after the prosecution receives notice from the DOC that the defendant is incarcerated in a particular prison and is awaiting trial on the newly filed charges. *People v Williams*, 475 Mich 256-257 n 4; 716 NW2d 208 (2006). In this case, our Supreme Court expressly held that the May 3, 2012 DOC letter was insufficient to trigger the 180-day period. *Henderson*, 861 NW2d 50. Because this letter was insufficient to trigger the 180-day period, and there is no legal basis to conclude that the filing of the complaint was sufficient to trigger same, we conclude that the trial court erred in finding a second violation of the 180-day rule.

Reversed and remanded for proceedings consistent with this opinion.[4] We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[4]     Despite our ruling, we reiterate our criticism of the Muskegon County Prosecutor, as discussed in our earlier opinion:

> . . . [W]e are troubled by the prosecution's failure to take appropriate action to correct its brief after having learned that it contained factual assertions, central to the analysis of the case, that it subsequently learned were false. The prosecutor asserted in its brief that the DOC letter in question had never been sent and intimated that the copy on which defendant relied was fraudulent. That brief was filed on August 6, 2013. Six weeks later, on October 1, 2013, the prosecution learned that these assertions were factually false. During the approximately 11 months that followed, the prosecution did not inform this Court of its discovery nor amend its brief. Perhaps more significant, the prosecution made no effort to inform defense counsel of its discovery. The discovery was only revealed after this Court sua sponte ordered oral argument and it appears highly unlikely that the defense or the Court would have ever learned of it, but for the direction that the parties appear for oral argument. "[A] prosecutor's role and responsibility is to seek justice and not merely to convict[.]" *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). And all attorneys, including prosecutors, have a duty of candor to the court and to the opposing party. We therefore caution the prosecutor to take all steps necessary to avoid such circumstances in the future. [*Henderson*, unpub op at 6.]