*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JUSTIN SCOTT WITKOSKI,

Defendant-Appellee.

FOR PUBLICATION
March 3, 2022
9:15 a.m.

No. 355299
Muskegon Circuit Court
LC No. 20-000702-FH

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

SWARTZLE, J.

When a prosecutor brings a criminal charge against an inmate of a state penal institution, state law requires that, once the prosecutor has received written notice from the Department of Corrections, the prosecutor must proceed promptly and take good-faith action within 180 days to bring the case to the point of readiness for trial. The circuit court dismissed the criminal charges in this case based on this "180-day rule." The circuit court abused its discretion in doing so, however, because a significant amount of the delay in bringing defendant's case to trial was not the fault of the prosecutor, but rather resulted from our Supreme Court's decision to suspend jury trials during the early days of the Covid pandemic. Accordingly, we reverse the circuit court's dismissal of charges against defendant.

## I. BACKGROUND

The prosecutor charged defendant with one count of assault with intent to do great bodily harm less than murder, MCL 750.84, and one count of possession of child sexually abusive material, MCL 750.145c(4)(a). The allegations of the underlying incident are not relevant to this appeal. The prosecutor received written notice from the Department of Corrections on October 22, 2019, that defendant was incarcerated at a state prison serving a sentence for an unrelated conviction. The notice triggered MCL 780.131, also known as the 180-day rule. The 180-day period expired on April 19, 2020.

On January 10, 2020, the prosecutor notified the district court that the 180-day rule applied to this case. Defendant was arraigned on January 27, and a probable-cause conference was held on February 5. The matter was bound over to the circuit court on February 12, and the felony

-1-

complaint was filed the same day. Defendant then sent discovery requests to the prosecutor. A pretrial conference was scheduled for March 3, but it had to be rescheduled to March 16 because the prosecutor did not file a writ for defendant's appearance from prison.

On March 15, the day before the pretrial hearing was scheduled to take place, the Michigan Supreme Court issued Administrative Order No. 2020-1. Administrative Order No. 2020-1, ___ Mich ___ (2020). Administrative Order 2020-1 imposed emergency measures on the Judiciary as a result of the Covid-19 pandemic. Administrative Order 2020-2 was entered three days later on March 18. Administrative Order No. 2020-2, ___ Mich ___ (2020). Administrative Order 2020-2 instructed trial courts to adjourn all criminal matters, including jury trials, until after April 3, with a few exceptions not relevant here. Administrative Order 2020-1 and 2020-2 were later extended to April 14, see Administrative Order 2020-5, ___ Mich ___ (2020), then April 30, see Administrative Order 2020-7, ___ Mich ___ (2020), and finally for an indefinite period, Administrative Order 2020-12, ___ Mich ___ (2020). On April 23, all jury trials were delayed until the later of June 22 or further notice. Administrative Order 2020-10, ___ Mich ___ (2020).

April 19—the final day of the 180-day period—came and went without any further action in this case. Ten days later, the prosecutor responded to defendant's discovery request. A pretrial hearing was held on July 29, and the jury trial was scheduled for October 19, 2020—the first day the prosecutor believed that the circuit court would be able to hold a jury trial under our Supreme Court's administrative orders. On September 1, defendant moved to dismiss this case on the basis that the prosecutor had violated the 180-day rule. Following a hearing, the circuit court concluded that the prosecutor had not proceeded in good faith to set this matter for trial and dismissed this case.

This appeal followed. On appeal, the prosecutor asserted for the first time that the office took immediate action to alert the district court that defendant was an inmate with the Department of Corrections. In support, the prosecutor pointed to the district court's register of actions, which does have the following minute entry for October 22, 2019: "VIDEO ARRAIGNMENT FORM RECEIVED FROM PROSECUTOR'S OFFICE." There is nothing else in the record, however, to indicate what the district court purportedly received from the prosecutor that day—the only letter in the record from the prosecutor to the district court referencing the 180-day rule is the one dated January 10, 2020. Moreover, defendant argued before the circuit court that the prosecutor had not alerted the district court about the 180-day rule until January 10, 2020, and the prosecutor did not challenge this factual assertion, either during the hearing or in the prosecutor's supplemental brief filed after the hearing. As part of its ruling in favor of defendant, the circuit court made the factual finding that the district court had not been alerted about the 180-day rule until January 10, 2020. In all other respects, the parties have argued on appeal consistent with their arguments before the circuit court.

## II. ANALYSIS

We review for an abuse of discretion a circuit court's decision on a motion to dismiss. *People v Herndon*, 246 Mich App 371, 389; 633 NW2d 376 (2001). We review de novo questions of law, including statutory interpretation. *People v Lown*, 488 Mich 242, 254; 794 NW2d 9 (2011). The circuit court's attributions of delay are reviewed for clear error. *People v Crawford*, 232 Mich App 608, 612; 591 NW2d 669 (1998).

The requirements of the 180-day rule are set forth in MCL 780.131(1), which provides in relevant part:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner.

When a prosecutor violates the 180-day rule, the following consequences apply:

> In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. [MCL 780.133.]

The 180-day rule is distinct from a criminal defendant's constitutional right to a speedy trial under our federal and state Constitutions, US Const, Am VI; Const 1963, art 1, § 20, and this latter right is not currently before us on appeal.

With respect to the 180-day rule, our Supreme Court has concluded that the Legislature did not intend to require that a trial necessarily take place within 180 days. *People v Hendershot*, 357 Mich 300, 303; 98 NW2d 568 (1959). As explained by the *Hendershot* Court, "The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period." *Id*. at 304. Rather, if "apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met." *Id*.

Our Supreme Court revisited the 180-day rule in *Lown*, 488 Mich 242, just over a decade ago. The *Lown* Court explained, "The object of [the 180-day] rule is to dispose of new criminal charges against inmates in Michigan correctional facilities; the rule requires dismissal of the case if the prosecutor fails to commence action on charges pending against an inmate within 180 days after the [Department] delivers notice of the inmate's imprisonment." *Lown*, 488 Mich at 246. But "the rule does not require that a *trial* be commenced or completed within 180 days of the date notice was delivered." *Id*. Rather, "it is sufficient that the prosecutor proceed promptly and move the case to the point of readiness for trial within the 180-day period." *Id*. (cleaned up). "Significantly, although a prosecutor must proceed promptly and take action in good faith in order

to satisfy the rule, there is no good-faith exception to the rule. Instead . . . good faith is an implicit component of proper action by the prosecutor, who may not satisfy the rule simply by taking preliminary steps toward trial but then delaying inexcusably." *Id*. at 246-247. Stated differently, "the requirement that a prosecutor proceed in 'good faith' means simply that [the prosecutor] must in fact commence action and cannot satisfy the rule by taking preliminary steps without an ongoing, genuine intent to promptly proceed to trial, as might be evident from subsequent inexcusable delays." *Id*. at 273.

Additionally, "the statutory 180-day period is, by the plain terms of the statute, a fixed period of consecutive days beginning on the date when the prosecutor receives the required notice from the [Department]." *Id*. at 247. "Thus, the relevant question is not whether 180 days of delay since that date may be attributable to the prosecutor, but whether action was commenced within 180 calendar days following the date the prosecutor received the notice. If so, the rule has been satisfied unless the prosecutor's initial steps are followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly." *Id*. (cleaned up). Given this, "a court should not calculate the 180-day period by apportioning to each party any periods of delay after the [Department] delivers notice." *Id*.

On appeal, defendant places the blame for the delay squarely on the shoulders of the prosecutor. It certainly could be argued that the prosecutor did not follow "best practices" in bringing the matter to a rapid resolution. The Department notified the prosecutor in October 2019 that the 180-day rule applied. The circuit court found that the prosecutor did not take any action for nearly three months—about half of the 180 days. While the prosecutor challenges this factual finding on appeal, there is insufficient evidence in the record to show that the circuit court clearly erred, and so we accept the circuit court's factual finding on this point. Then, the pretrial hearing had to be adjourned several days because the prosecutor did not file a writ for defendant's appearance from prison. It was not until several days after the 180-day period had expired that the prosecutor responded to defendant's discovery request.

But, a prosecutor does not necessarily violate the 180-day rule solely because more diligence could have been employed. Instead, the 180-day rule requires that the prosecutor act in good faith and "proceed promptly and move the case to the point of readiness for trial within the 180-day period." *Id*. at 246 (cleaned up).

Nothing in the record suggests that the prosecutor initially delayed proceedings until January 2020 in a bad-faith attempt to delay trial. As for the March 3 pretrial hearing, although the prosecutor should have filed a writ for defendant's appearance, that miscue resulted in only a brief delay. As for the discovery response, while the prosecutor similarly should have responded sooner, the resulting delay had little-to-no practical impact on the proceedings because our Supreme Court had imposed emergency measures in the meantime. Moreover, we note that trial was eventually scheduled to begin on October 19, 2020, the first day a jury trial was again permitted in that circuit court under our Supreme Court's administrative orders.

Significantly, much of the delay in defendant's scheduled jury trial resulted from our Supreme Court's decision to suspend jury trials in response to the Covid-19 pandemic. This delay is somewhat analogous to the one encountered in *People v Schinzel*, 97 Mich App 508, 512; 296 NW2d 85 (1980), where the delay was caused by a wholesale change in docketing systems

approved by our Supreme Court. The *Schinzel* Court concluded that the delay was excusable under the 180-day rule. *Id.* at 513. Although we are not bound by the decision in *Schinzel* because it was issued prior to November 1, 1990, MCR 7.215(J)(1), we find its analysis on this question persuasive.

As a counter-example, this case does not present a situation in which trial courts remained open for jury trials, but subject to heightened Covid-19 safety measures. See, e.g., Administrative Order of the Western District of Michigan 20-MS-024; Administrative Order of the Western District of Michigan 20-MS-029; Administrative Order of the Western District of Michigan 20-MS-037. In such a circumstance, the prosecutor would have been expected to bring the case to trial promptly because a jury trial would have been permitted. But this was not an option here.

Defendant counters that the prosecutor could have done more in the ensuing weeks after the emergency measures were put in place, but instead, the prosecutor delayed until July 2020 to hold a pretrial hearing. This might be the case, but again, the standard is not whether the prosecutor could have moved faster. Rather, the prosecutor must take good-faith actions within the 180-day period and move promptly and with dispatch toward readying the case for trial.

Our review of the record confirms that the prosecutor took necessary steps to get this case ready for trial within a practicable time-frame given the circumstances. While the case was not fully ready for trial when the 180-day period expired, our case law does not require that the trial actually take place within that time period and, in any event, criminal proceedings and jury trials in our state courts were suspended weeks before the time period had expired. The prosecutor's actions were sufficient to have trial ready for the first possible day the circuit court was permitted to resume jury trials. In fact, given the timing of our Supreme Court's orders, defendant's trial would have very likely begun on October 19 in any event, even if more diligence had been shown at the outset. The prosecutor did not cause an inexcusable delay in readying defendant's case for trial, and the circuit court abused its discretion in concluding that the prosecutor violated the 180-day rule.

## III. CONCLUSION

For the reasons stated in this opinion, we reverse the circuit court's order dismissing the charges against defendant. We remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly

-5-