*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHNNY LARRY SHARKEY,

        Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 359874
Kalamazoo Circuit Court
LC No. 2020-001897-FH

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Johnny Larry Sharkey, appeals by leave granted[1] the trial court's order denying his motion to dismiss the charges against him for failure to timely prosecute. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of allegations that defendant sexually assaulted the victim in September 2020. As a result, defendant, who had been on parole at the time of the incident, was arrested on a parole violation on October 1, 2020. He was detained and subsequently placed back into the Michigan Department of Corrections (MDOC) custody on October 15, 2020. The prosecution initiated criminal sexual assault charges on October 29, 2020. On November 17, 2020, the MDOC provided notice to the prosecution that defendant was incarcerated. The prosecution prepared a writ and requested hearing dates in the district court. Originally, defendant was scheduled for an arraignment on November 19, 2020. Once the district court received notice that defendant was incarcerated, it scheduled the arraignment for December 10, 2020. Defendant's arraignment was canceled as a result of the COVID-19 pandemic.

---

[1] *People v Sharkey*, unpublished order of the Court of Appeals, entered March 14, 2022 (Docket No. 359874).

The next entry in the register of actions in this case was June 7, 2021, indicating that defendant's arraignment was scheduled for June 21, 2021. On May 29, 2021, defendant mailed a motion to dismiss for "lack of action/movement" to the district court, which was filed on June 8, 2021.[2] Defendant was arraigned in June 2021. Thereafter, defendant, now represented by counsel, filed another motion to dismiss in July 2021.

At defendant's preliminary examination in July 2021, defense counsel argued for dismissal on the basis of failure to timely prosecute and the 180-day rule. Defense counsel informed the district court that the "register of actions in this case indicated that the court [would] wait to hear back from the defendant once the facility is back open to conduct video hearings," and argued that the burden should not fall on a defendant to determine when the hearings would be conducted. The district court denied the motion, and they proceeded with the preliminary examination. Following the preliminary examination, defendant was bound over to circuit court.

In October 2021, defendant moved the circuit court to dismiss the charges against him for failure to timely prosecute. At the December 2021 motion hearing, the prosecution apologized for its late response and "concede[d] a lot of points that" defense counsel made and stipulated to November 17, 2020 as the date on which it had received notice from the MDOC regarding defendant's incarceration. The prosecution stated that what happened in the case was "certainly unusual" and "should not have happened." However, the prosecution asserted that the issue did not "fall on the prosecutor's office" and that dismissal was not the proper remedy. The prosecution argued that its office had complied with its policies and procedures because it had received the notice from the MDOC and informed the district court, which provided dates for the arraignment and preliminary examination. The prosecution then prepared writs for those dates. The prosecution stated that it was "troubled to see" a note in the district court system that indicated defendant was to notify the district court when the MDOC was no longer on lockdown. The prosecution further stated that it "would have liked to have seen more happen on behalf of the district court," whether the note referred to defendant or defense counsel.

The trial court recognized that before access to vaccinations, there had been a series of outbreaks in MDOC facilities. The trial court asked how it was to factor in delays caused by the COVID-19 pandemic outbreaks. The prosecution asserted that there were administrative orders indicating that COVID-19 pandemic was "good reason to delay cases." However, the prosecution stated that it did not "focus more" on the COVID-19 issue in its brief because, although the COVID-19 pandemic was the reason that the MDOC did not coordinate the first video writ, "honestly, it was more of a bureaucratic failure than a Covid failure that led to" no one following up. The prosecution further stated that "everyone assumed that someone else would tell them when . . . the facility was back having hearings and . . . unfortunately[,] that didn't happen."

Defense counsel agreed with the prosecution that the situation was not necessarily the result of COVID-19 delays because there was no action taken by the prosecutor's office. While defense counsel recognized the restrictions imposed on the court in response to COVID-19, counsel argued

---

[2] Based on the record, it appears that the court decided to wait to rule on defendant's motion to dismiss until he was appointed counsel.

that, in the instant case there were unrelated COVID-19 issues that were more dispositive. Relying on *People v Lown*, 488 Mich 242; 794 NW2d 9 (2011), defense counsel asserted that the prosecution's action of filing the initial writ without further follow up did not constitute good-faith action under the 180-day rule. Defense counsel explained that within the 180-day period, defendant was not arraigned, "was not held to answer for these charges," and there no requests by defendant to adjourn or reschedule. Defense counsel was not aware of any efforts by the prosecution to ready the case for trial or set dates. Additionally, even if the prosecution acted in good faith to commence the action with its initial writ request, there was no evidence that the prosecution made any attempts to proceed promptly and with dispatch toward readying the case for trial. Defense counsel argued the prosecution's explanation of its policy supported a finding that the office did not take reasonably diligent steps to ensure that it was following up on cases with writs. Further, defense counsel reiterated that it was not defendant's responsibility to ensure that the prosecution prosecuted him.

The trial court recognized that no jury trials had been conducted in the circuit court from March 2020 until August 2021. The court inquired how defendant was prejudiced by the delay, even if it was the fault of the prosecution, when defendant's case could not proceed to adjudication until at least August 2021. Defense counsel responded that the delay impacted the ability to find witnesses and the loss of evidence. The prosecution argued in response that "bringing the case towards readiness for trial" meant getting the case to the next step so it could continue to trial and that the prosecution had done that.

The trial court denied defendant's motion to dismiss. The court found that the prosecution received notice on November 17, 2020, and concluded that the prosecution had commenced the action in good faith within 180 days of receiving notice from the MDOC when it notified the district court and prepared the writs. Considering the administrative orders and State Court Administrative Office guidelines that prevented jury trials until August 2021, the court concluded that dismissal was inappropriate. The trial court further concluded that defendant had not shown that the delay was excessive or unjustifiable, and the right to a speedy trial was "necessarily relative." Although defendant had asserted his right, the trial court did not find the delay to be unreasonable or that defendant was prejudiced by it. This appeal followed.

## II. 180-DAY RULE

Defendant argues that the trial court abused its discretion by denying his motion to dismiss on the basis of the 180-day rule. We agree.

This Court reviews for an abuse of discretion a trial court's decision on a motion to dismiss. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). A trial court abuses its discretion when its decision falls outside the range of principles outcomes. *Id*. Further, we review de novo questions of statutory interpretation. *Lown*, 488 Mich at 254.

The requirements of the 180-day rule are set forth in MCL 780.131(1), which provides in relevant part:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint

setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

MCL 780.133, which governs the failure to comply with the 180-day rule, provides:

In the event that, within the time limitation set forth in [MCL 780.131], action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

The statutory 180–day period begins on the date when the prosecutor receives the required notice from the MDOC. *People v Lown*, 488 Mich 242, 247; 794 NW2d 9 (2011). However, the "the rule does not require that a *trial* be commenced or completed within 180 days of the date notice was delivered. Rather, . . . it is sufficient that the prosecutor proceed promptly and move the case to the point of readiness for trial within the 180–day period." *Id*. at 246 (quotation marks, citation, and alteration omitted). Our Supreme Court has explained that the purpose of the 180-day rule "is to dispose of new criminal charges against inmates in Michigan correctional facilities," and the rule requires dismissal when the prosecution fails to commence action on charges pending against an inmate within 180 days of receiving notice from the MDOC that the defendant is imprisoned. *Lown*, 488 Mich at 246. Importantly, there is no good-faith exception to the rule. *Id*. Instead, "good faith is an implicit component of proper action by the prosecutor, who may not satisfy the rule simply by taking preliminary steps toward trial but then delaying inexcusably." *Id*. at 246-247; see *People v Hendershot*, 357 Mich 300, 303-304; 98 NW2d 568 (1959) ("If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by [MCL 780.133], thus requiring dismissal"). "Stated differently, the requirement that a prosecutor proceed in 'good faith' means simply that the prosecutor must in fact commence action and cannot satisfy the rule by taking preliminary steps without an ongoing, genuine intent to promptly proceed to trial, as might be evident from subsequent inexcusable delays." *People v Witkoski*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 355299), quoting *Lown*, 488 Mich at 273 (quotation marks and alterations omitted). A violation of the 180-day rule deprives the court of personal jurisdiction over a defendant for that particular action, and the case must be dismissed with prejudice. *Lown*, 488 Mich at 247; MCL 780.133.

In this case, the prosecution violated the 180-day rule by engaging in an inexcusable delay following its preliminary steps and, therefore, dismissal is required. See *Lown*, 488 Mich at 273; *Hendershot*, 357 Mich 303-304. The prosecution received the MDOC's notice on November 17, 2020. Accordingly, the 180-day period began on November 18, 2020, and ended on May 17, 2021. Defendant remained incarcerated beyond the 180-day period, and the record indicates that the last possible action on the part of the prosecution occurred in December 2020, after MDOC canceled the writ. No further action was taken by the prosecution until after defendant mailed his motion to dismiss to the court on May 29, 2021.

As recognized by the trial court, an important issue in this case is whether the delay was the result of the COVID-19 pandemic and, therefore, potentially excusable. This Court recently addressed the impact of COVID-19 on the 180-day rule in *Witkoski*, ___ Mich App at ___; slip op at 1. In *Witkoski*, we concluded that the prosecution "does not necessarily violate the 180-day rule solely because more diligence could have been employed." *Id*. at ___; slip op at 4. The 180-day period in *Witkowski* expired on April 19, 2020, the defendant was arraigned in January 2020, and a probable-cause conference was held in February 2020. *Id*. at ___; slip op at 1. A pretrial was scheduled to take place in March 2020. *Id*. at ___; slip op at 2. However, before the hearing date, the Michigan Supreme Court issued administrative orders instructing trial courts to adjourn all criminal matters until at least June 2020. *Id*. at ___; slip op at 2. The 180-day period expired and there was no further action in the case until July 2020. *Id*. at ___; slip op at 2. This Court recognized that, although the prosecution's actions resulted in some delays, "much of the delay" resulted from the suspension of jury trials in response to the COVID-19 pandemic. *Id*. at ___; slip op at 4. This Court also determined that "[n]othing in the record suggests that the prosecutor initially delayed proceedings until January 2020 in a bad-faith attempt to delay trial," and we concluded that the prosecution "took necessary steps to get [the] case ready for trial within a practicable time-frame given the circumstances." *Id*. at ___; slip op at 4-5.

However, the present case is clearly distinguishable. Although the prosecution promptly responded to the MDOC notice in November 2020 by notifying the district court, the prosecution made *no* further efforts following the cancellation of the December 2020 arraignment. Further, unlike in *Witkoski*, ___ Mich App at ___; slip op at 1-2, in which the defendant had been arraigned, a probable-cause hearing held, and a pretrial hearing was scheduled, there is no indication in the instant case, beyond the cancellation of the first arraignment, that the delay was the result of the COVID-19 pandemic or that the prosecution made any efforts to move the case forward—even if trials could not proceed until August 2021. Specifically, the prosecution below conceded that, although COVID was the reason that the MDOC did not coordinate the first writ, the delay "was more of a bureaucratic failure than a COVID failure." That neither the district court or the prosecution seemed to follow up on defendant's case is further supported by the notation in the district court register of actions indicating that the court would wait to hear from *defendant*, who was incarcerated without counsel, regarding when the MDOC was holding hearings again. Moreover, as defense counsel argued, defendant does not have the responsibility to prosecute himself. See *Barker v Wingo*, 407 US 514, 529; 92 S Ct 2182; 33 L Ed 2d 101 (1972) (recognizing that "the primary burden [is] on the courts and the prosecutors to assure that cases are brought to trial.").

Instead, the case only proceeded once defendant moved the district court to dismiss his case. There is no indication when the prosecution would have eventually begun to act if defendant

had not filed his motion. Therefore, this case is not a situation like in *Witkoski*, ___ Mich App at ___; slip op at 4-5, in which the prosecution potentially caused some brief delays, but was consistently taking steps toward prosecution and ultimately was prepared to hold the trial as soon as trials were allowed again. At the motion hearing, the trial court asked how strict the 180-day rule was considering all the "other factors lurking in the background" when the arraignment occurred "a bit after 30 days after the 180 days." However, the specific date of the arraignment is not as important as the prosecution's failure to, in any way, even attempt to "proceed promptly" or "move the case to the point of readiness for trial." *Lown*, 488 Mich at 246 (quotation marks, citation, and alteration omitted). Even if a trial could not commence until August 2021, defense counsel argued that the delay impacted defendant's ability to prepare his defense and, specifically to gather accurate witness testimony and evidence. Additionally, there was no indication that the prosecution was ready to proceed with trial in August 2021. See *Witkoski*, ___ Mich App at ___; slip op at 5 (noting that "[t]he prosecutor's actions were sufficient to have trial ready for the first possible day the circuit court was permitted to resume jury trials" in accordance with the administrative orders). Moreover, had the prosecution furthered the case so that—at a minimum— an arraignment was held within the 180-day period, defendant could have decided to plead to the offense or a bond hearing could have been held, leading to defendant's possible release.

Sending a writ to the district court for signature and then failing to follow up, even upon cancellation of the scheduled hearings, constituted "taking preliminary steps toward trial but then delaying inexcusably." Therefore, the prosecution violated the 180-day rule, and defendant is entitled to dismissal. See *Lown*, 488 Mich at 273. The trial court abused its discretion by denying defendant's motion to dismiss. *Id.*; *Nicholson*, 297 Mich App at 196. On remand, we instruct the trial court to enter an order dismissing the case with prejudice in accordance with MCL 780.133.[3]

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

---

[3] Because defendant is entitled to dismissal on the basis of the 180-day rule violation, it is not necessary for this Court to review defendant's additional argument on appeal.