*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 21, 2024

v

No. 366280
Wayne Circuit Court
LC No. 21-005331-01-FC

VERNON ANTHONY JOHNSON,

Defendant-Appellant.

Before: O'BRIEN, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea convictions of second-degree murder, MCL 750.317, and possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b. On appeal, defendant challenges the order denying his motion to dismiss the charges against him. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arose out of defendant shooting and killing the victim on August 30, 2020.[2] Defendant fled to Vermont and as a result, was not arrested until April 22, 2021. A preliminary examination was conducted on June 30, 2021 and August 5, 2021, and revealed defendant, while

---

[1] *People v Johnson*, unpublished order of the Court of Appeals, entered July 13, 2023 (Docket No. 366280)

[2] Defendant was charged with first-degree murder, MCL 750.316(1)(a) (homicide, willful, deliberate and premeditated) (Count I); felon in possession of a firearm, MCL 750.224f (felon-in-possession) (Count II); and felony-firearm (Counts III and IV), with a third offense notice. He was also charged as a fourth-offense habitual offender, MCL 769.12. Defendant pleaded guilty to second-degree murder (Count I), and felony-firearm (Count III). In exchange, the prosecution agreed to dismiss the felon-in-possession charge (Count II), and the additional felony-firearm charge (Count IV). The prosecution also withdrew the fourth-offense habitual offender notice, and the third offense enhancement on the felony-firearm charge.

incarcerated in the Michigan Department of Corrections (MDOC), made calls to a family friend, instructing them to encourage defendant's son, a key eye-witness not to cooperate with law enforcement. Defendant was arraigned on May 11, 2021, and bound over to the circuit court on August 11, 2021, where he was charged as noted. Despite defendant's assertions to the contrary, we cannot find in the record where the prosecution received a 180 Day Notice Letter from the MDOC.[3]

Defendant moved to quash the bindover on September 30, 2021, which the trial court denied. After defendant rejected a plea offer, his counsel failed to complete the Jury Trial Readiness Form before a scheduled hearing on February 4, 2022, which then needed to be rescheduled for February 8, 2022. In setting the trial date for October 31, 2022, the trial court explained the limitation on holding trials was because of the need to manage the number of jurors in the courthouse because of the COVID-19 pandemic.

On August 4, 2022, defendant moved to dismiss the charges against him, alleging his constitutional right to a speedy trial had been violated, and the 180-day rule had been violated because of a delay greater than six months resulting in prejudice to defendant. The trial court denied the motion, identifying defendant's failure to state in his motion the length of the delay, the reason for the delay, or how he was prejudiced. The trial court also noted the COVID-19 pandemic caused Michigan to be in a state of emergency, which caused delay not attributable to either party.

Defendant proceeded to trial as scheduled, but before the prosecution rested, he pleaded guilty to second-degree murder and felony-firearm, and was sentenced to 22 to 45 years' imprisonment for the second-degree murder conviction, and 2 years' imprisonment for the felony-firearm conviction to run consecutively. Defendant now challenges the denial of the motion to dismiss the charges against him.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We "review for an abuse of discretion a circuit court's decision on a motion to dismiss." *People v Witkoski*, 341 Mich App 54, 59; 988 NW2d 790 (2022). "An abuse of discretion occurs

---

[3] We note that the prosecutor submitted to this Court with its brief on appeal, appendices B and C which, respectively are: (1) a 180 Day Notice Letter dated April 22, 2021, and (2) the affidavit of Gregory Blackburn, (believed to be in charge of the prosecutor's Freedom of Information Act requests) dated October 11, 2023. However, neither of these documents were provided to the trial court. As this Court has explained, "to consider evidence presented on appeal that the parties failed to present to the trial court would be an impermissible expansion of the lower-court record." *People v Morrison*, 328 Mich App 647, 655; 939 NW2d 728 (2019), citing MCR 7.210(A). The prosecution did not move to expand the record on appeal, this Court did not enter such an order, and a stipulation to include them as part of the record was not provided to this Court. Consequently, these appendices cannot be considered. *Morrison*, 328 Mich App at 655.

when the trial court's outcome falls outside the range of reasonable and principled outcomes." *People v Meeker (On Remand)*, 340 Mich App 559, 563; 986 NW2d 622 (2022). However, "a trial court necessarily abuses its discretion when it makes an error of law[.]" *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018) (quotation marks, citation, and alteration omitted). The trial court's attribution of delay is reviewed for clear error. *Witkoski*, 341 Mich App at 59.

This case also involves the interpretation of MCL 780.131. We review issues of statutory interpretation de novo. *People v Idziak*, 484 Mich 549, 554; 773 NW2d 616 (2009). "Our primary purpose in construing statutes is 'to discern and give effect to the Legislature's intent.' " *People v Williams*, 475 Mich 245, 251; 716 NW2d 208 (2006), quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). "We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id*. Finally, whether defendant was denied his right to a speedy trial is an issue of constitutional law, which we also review de novo. *People v Hickman*, 470 Mich 602, 605; 684 NW2d 267 (2004).

Defendant argues the trial court erred in denying his motion to dismiss the charges against him because of violation of MCL 780.131(1), commonly known as the 180-day rule.

## B. WAIVER

We initially consider the prosecution's argument that defendant cannot raise a 180-day rule or a speedy trial claim because both were waived defendant's unconditional guilty plea. "[W]aiver is the intentional relinquishment or abandonment of a known right." *People v. Gonzalez-Raymundo*, 308 Mich App 175, 187; 862 N.W.2d 657 (2014) (quotation marks and citation omitted). "Waiver consists of (1) specific knowledge of the constitutional right and (2) an intentional decision to abandon the protection of the constitutional right." *Williams*, 475 Mich at 261. Courts "should 'indulge every reasonable presumption against waiver of fundamental constitutional rights.' " *People v Williams,* 470 Mich 634, 641; 683 NW2d 597 (2004) (citations omitted).

Here, defendant could have retained his right to appeal the decision of the trial court to deny his 180-day violation claim by entering a conditional guilty plea under MCR 6.301(C)(2).[4] Defendant did not do so. Rather, defendant entered an unconditional guilty plea to the charges listed *supra*. It is well-settled that an unconditional guilty plea waives all claims regarding the capacity of the state to prove factual guilt, while a conditional plea may not. *People v Andrews*, 192 Mich App 706, 707; 481 NW2d 831 (1992).

In *People v Smith*, 438 Mich 715, 719-729; 475 NW2d 333 (1991) (BOYLE, J., concurring), overruled on other grounds by *Williams*, 475 Mich at 248, Justice Boyle wrote that "a violation of the 180-day rule is waived by an unconditional guilty plea." In her concurrence Justice Boyle further stated: "In conclusion, it is my view that where the statutory 180-day rule is applicable, a defendant waives any error based on violation of the rule by unconditionally pleading

---

[4] As is stated more fully *infra*, even if defendant tendered a conditional guilty plea preserving his 180-day rule claim and his constitutional right to a speedy trial he would not have prevailed on appeal.

guilty. To state otherwise is to ascribe to the Legislature an intent to preclude a counseled defendant from voluntarily relinquishing the protection of the statute, and would separate Michigan from the great weight of authority holding that an unconditional guilty plea waives noncompliance with statutory provisions for speedy trial." *Smith*, 438 Mich at 729.

In *People v Lown*, 488 Mich 242, 269-270; 794 NW2d 9 (2011), our Supreme Court adopted Justice Boyle's reasoning, writing:

> Justice Boyle reached this very result following a well-reasoned analysis in her concurring opinion in *People v. Smith* when she concluded that a violation of the 180–day rule is waived by an unconditional guilty plea. Observing that the term 'jurisdiction' is susceptible of various meanings within the realm of criminal procedure," she opined that the term as employed in MCL 780.133 'cannot be said to unambiguously refer to the power of the court to entertain a class of cases, i.e., subject-matter jurisdiction. Rather, the statute represents a limitation on the power to prosecute in specified circumstances, viz., where an existing warrant, information or charge against a prisoner is not disposed of in a timely manner as provided in MCL 780.131.' Because 'the statute decrees that a court loses its power over a *particular* matter in specified circumstances,' personal jurisdiction—which 'deals with the authority of the court over particular persons'—is at issue; and it is 'a fundamental principle that defects in personal jurisdiction may be waived....' We adopt Justice Boyle's analysis on these points.

Our Supreme Court in *Lown*, we on to further state:

> Our conclusion that a violation of the statutory 180–day rule does not deprive the court of subject matter jurisdiction is significant because it further defeats defendant's argument that if the 180–day period is exceeded for a reason other than vindication of a defendant's constitutional rights, the court is forever deprived of the power to hear the case. To the contrary, because subject matter jurisdiction is not at issue, a defendant may forfeit the rule requiring commencement of action within 180 days by requesting or consenting to delays…Our conclusion also reinforces the text of the statute, which clearly conveys that the 180–day period does not describe an automatic cut-off point when the court loses jurisdiction, no matter what events have transpired in the meantime, unless the defendant sought a continuance to protect a constitutional right. Rather, as long as good-faith action was commenced within the 180–day period in order to ready the case for trial, the trial court is not deprived of jurisdiction although the trial itself is not commenced or completed within the period. *Id.* at 270.

In his appeal, defendant does not allege that his unconditional guilty plea was made unknowingly, under duress, or that his plea was by any manner compromised. From the record we glean that defendant was fully informed of the rights he would be giving up if he pleaded guilty. Defendant therefore voluntarily and knowingly pled guilty thereby waiving any claim he may have for either a violation of the 180-day rule or for a speedy trial. *Lown*, 488 at 270.

However, in the interests of thoroughness, and assuming defendant did not waive his rights by tendering an unconditional guilty plea, we address his arguments that his rights to the 180-day rule or a speedy trial were violated.

C. 180-DAY RULE

Relying on an unpublished case of this Court, defendant characterizes the 18-month delay in bringing his case to trial as an inexcusable "bureaucratic failure." He argues this was the basis, rather than a result of the COVID-19 pandemic. He portrays the prosecution in this matter as not consistently taking steps toward prosecuting defendant.[5]

The requirements of the 180-day rule are in MCL 780.131(1), which states, in relevant part:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, *the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney* of the county in which the warrant, indictment, information, or complaint is pending *written notice of the place of imprisonment of the inmate and a request for final disposition* of the warrant, indictment, information, or complaint. [Emphasis added.]

The 180-day period begins running on the day after the prosecutor receives the required notice. *Williams*, 475 Mich at 256 n 4. When a prosecutor violates the 180-day rule, the following consequences apply:

> In the event that, within the time limitation set forth in section 1 of this act, *action is not commenced on the matter for which request for disposition was made*, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. [MCL 780.133 (emphasis added).]

The statute has a long legal history, beginning, notably, with *People v Hendershot*, 357 Mich 300, 303; 98 NW2d 568 (1959), wherein our Supreme Court concluded that the Legislature did not intend to require that a trial commence within 180 days. "The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period." *Id*. at 304. Rather, if "apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met." *Id*.

Our Supreme Court expanded on its analysis of the 180-day rule in *Lown*, 488 Mich at 246 explaining: "The object of this rule is to dispose of new criminal charges against inmates in

---

[5] In their appeal, the prosecution presents arguments that many of defendant's arguments were not properly preserved and therefore are subject to the plain-error analysis set forth in *People v Carines*, 460 Mich 750, 764-766; 597 NW2d 130 (1999). However, for purposes of this appeal, and without directly deciding the issue, we treat all of defendant's claims of error as preserved.

Michigan correctional facilities; the rule requires dismissal of the case if the prosecutor fails to commence action on charges pending against an inmate within 180 days after the [MDOC] delivers notice of the inmate's imprisonment." *Id*. at 246. "[T]he rule does not require that a *trial* be commenced or completed within 180 days of the date notice was delivered." *Id*. Rather, "it is sufficient that the prosecutor proceed promptly and move the case to the point of readiness for trial within the 180-day period." *Id*. (citation and quotation marks omitted). "[G]ood faith is an implicit component of proper action by the prosecutor, who may not satisfy the rule simply by taking preliminary steps toward trial but then delaying inexcusably." *Id*. at 246-247. Stated differently, "the requirement that a prosecutor proceed in 'good faith' means simply that [the prosecutor] must in fact commence action and cannot satisfy the rule by taking preliminary steps without an ongoing, genuine intent to promptly proceed to trial, as might be evident from subsequent inexcusable delays." *Id*. at 273.

We have been instructed by our Supreme Court that the plain and unambiguous language of MCL 780.131(1) must be enforced as written. *Williams*, 475 Mich at 250. "The clear language of MCL 780.131(1) provides that MDOC *must* send written notice, by certified mail, to the prosecutor to trigger the 180-day requirement." *People v Rivera*, 301 Mich App 188, 192; 835 NW2d 464 (2013). "Our Supreme Court has held that the 180-day rule's statutory requirements 'expressly provide' that notice must be sent to the prosecuting attorney." *Id.*, quoting *Williams*, 475 Mich at 256. In *Rivera*, this Court held where the MDOC sent a notice letter to the district court but not to the prosecuting attorney by certified mail, the 180-day rule was never triggered, so it could not have been violated. *Rivera*, 301 Mich at 192. As stated earlier in this opinion, the record on appeal in this case does not reflect the prosecution ever received a notice letter. [6] As in *Rivera*, the 180-day rule was never triggered in this case, so it could not have been violated. Accordingly, assuming defendant has not waived his statutory right to the 180-day rule, the trial court did not err in denying defendant's motion to dismiss the charges against him as defendant was responsible for many of the delays. See, *Williams*, 475 Mich at 270.

## D. RIGHT TO A SPEEDY TRIAL

Though defendant does not specifically make a speedy trial argument in his brief he implies in his argument that by denying defendant's motion to dismiss based on the 180-day rule, defendant's right to a speedy trial was also implicated. Again, presuming that defendant did not waive his right to a speedy trial with his unconditional guilty plea, in the interest of thoroughness, we examine the merits of his arguments.

A criminal defendant's constitutional right to a speedy trial is found in both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. "[T]he federal and state constitutions and Michigan statutory law guarantee criminal defendants a speedy trial without reference to a fixed number of days." *People v McLaughlin*, 258 Mich App 635, 644; 672 NW2d 860 (2003). "In contrast to the 180-day rule, a defendant's right to a speedy trial is not violated after a fixed number of days." *Williams*, 475 Mich at 261. The right to a speedy trial is codified in MCL 768.1, which states "persons charged with crime are entitled to and shall have a speedy

---

[6] See footnote 3.

trial" and that the case be brought to "a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial."

Whether an accused's right to a speedy trial is violated depends on consideration of four factors: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Williams*, 475 Mich at 261-262. "Following a delay of 18 or more months, prejudice is presumed, and the burden shifts to the prosecution to show that there was no injury." *Id*. "The establishment of a presumptively prejudicial delay 'triggers an inquiry into other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial.' " *People v Gilmore*, 222 Mich App 442, 459; 564 NW2d 158 (1997) (citation omitted).

The length of delay between defendant's arrest on April 22, 2021, and the beginning of his trial on October 31, 2022, is 18 months and nine days. Under the first factor, the delay is presumptively prejudicial, even if only by nine days, but is not determinative of a speedy trial claim because the delay does not approach the outer limits of other delays this Court has addressed.[7] However, the length of the delay triggers evaluation of the other listed factors. *Gilmore*, 222 Mich App at 459. Under the second factor, the prosecution offers the COVID-19 pandemic as a compelling reason why defendant's trial could not commence earlier.[8] As we have previously concluded, the pandemic resulted in docket congestion, which, although technically attributable to the prosecution, is "given a neutral tint and [is] assigned only minimal weight in determining whether defendant was denied a speedy trial." *Gilmore*, 222 Mich App at 460. Other factors contributing to the delay in commencement of defendant's trial included defendant encouraging his son not to speak to law enforcement, causing more than a one-month delay in finishing the preliminary examination, defendant filing a motion to quash the bindover, and defense counsel failing to fill out the Jury Trial Readiness Form in time for defendant's February 4, 2021 pretrial hearing, which needed to be adjourned to February 8, 2021. The trial court accurately weighed these facts heavily against defendant.

Regarding the third factor, defendant asserted his right to a speedy trial on August 4, 2022, three months before his trial. Until this point, defendant did not challenge any previous delays in bringing his case to trial, including the multiple pretrial conferences, which occurred before a trial

---

[7] See *People v Simpson*, 207 Mich App 560, 564; 526 NW2d 33 (1994) (4 ½ years); *People v Missouri*, 100 Mich App 310, 319-320; 299 NW2d 346 (1980) (31 months); *People v Cutler*, 86 Mich App 118, 126; 272 NW2d 206 (1978) (37 months).

[8] On March 15, 2020, the Michigan Supreme Court issued Administrative Order No. 2020-1, which imposed emergency measures on Michigan courts as a result of the COVID-19 pandemic. Administrative Order No. 2020-2 was entered three days later on March 18, 2020, and instructed trial courts to adjourn all criminal matters, including jury trials until after April 3, 2020, with a few exceptions not relevant here. Administrative Orders 2020-1 and 2020-2 were later extended to April 14, 2020, see Administrative Order No. 2020-5, then April 30, 2020, see Administrative Order No. 2020-7, and finally for an indefinite period, Administrative Order No. 2020-12. On April 23, 2020, all jury trials were delayed until the latter of June 22, 2020, or further notice. Administrative Order No. 2020-10.

date could be scheduled. More importantly, throughout these proceedings and on appeal, defendant has failed to assert how he was prejudiced. Rather, he seems content to simply rely on the simple conclusion that the delay in bringing him to trial caused prejudice. However, in the absence of any specifics, we cannot conclude that defendant was subjected to any form of prejudice.

Regarding the fourth factor, "there are two types of prejudice which a defendant may experience, that is, prejudice to his person and prejudice to the defense." *Williams*, 475 Mich at 264 (citation omitted). Again, defendant's sole argument has been there was inexcusable delay in bringing his case to trial. Despite defendant's argument, this Court has held the fourth factor may properly weigh against a defendant incarcerated for even longer than 19 months if his defense is not prejudiced by the delay. *Id*. Defendant makes no specific argument his defense was prejudiced by the delay in bringing him to trial. Analyzing the factors listed in *Williams*, defendant's right to a speedy trial was not violated as he was partially responsible for the delay. *Lown*, 488 Mich at 270. Accordingly, the trial court properly declined to dismiss the charges against defendant.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Noah P. Hood